**Opinion filed July 30, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-26-00023-CR
_____

**ALBERT LEE MOORE III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. 24903**

## M E M O R A N D U M   O P I N I O N

Appellant, Albert Lee Moore III, pled guilty to bail jumping and failure to appear, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.10(a), (f) (West 2016). Pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court placed Appellant on deferred adjudication community supervision on May 15, 2019, for a period of five years.

The State subsequently moved to adjudicate Appellant's guilt. The State alleged that in violation of Rule 7 of the rules of community supervision, Appellant had failed to report by mail, online, or in person in June 2019, November 2019, December 2019, and July 2020 through May 2023. Appellant was also alleged to have failed to pay various fees in violation of Rule 13 and 14 of the rules of community supervision; submit a copy of his income tax return in violation of Rule 15 of the rules of community supervision; and perform community service hours in violation of Rule 17 of the rules of community supervision.

At a hearing on the State's motion, Appellant pled "true" to all the allegations. Upon the conclusion of the hearing, and having considered the evidence presented, the trial court found every allegation in the State's motion to be "true," adjudicated Appellant guilty, and imposed a sentence of seven years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw in this court, supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no meritorious or arguable grounds to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and the reporter's record. Counsel also advised Appellant of his right to (1) object to counsel's motion, (2) review the record, (3) file a pro se response to counsel's brief, and (4) file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

2

Appellant did not file a response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the brief and the record, and we conclude that this appeal is without merit. In a revocation proceeding, the State need only prove a violation of a term or condition of community supervision by a preponderance of the evidence—the greater weight of credible evidence that would create a reasonable belief that the probationer has violated a term or condition of his community supervision. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974); *Guillory v. State*, 652 S.W.3d 923, 928 (Tex. App.—Eastland 2022, pet. ref'd). In this setting, the trial court, as the trier of the facts, is the sole judge of the credibility of the witnesses, and the weight to be afforded their testimony, and may resolve any inconsistencies in their testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980).

Although we review a trial court's revocation decision under an abuse of discretion standard, *see Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona*, 665 S.W.2d at 493, we review the evidence presented at a revocation proceeding in the light most favorable to the trial court's ruling. *Hacker*, 389 S.W.3d at 865; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Here, Appellant pled "true" to all the violations alleged, which the trial court accepted and found to be "true." We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex.

Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1] *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We conclude, however, that the written judgment contains a nonreversible error because it incorrectly reflects the assessment of a fine and a time payment fee. The appellate court has authority to reform the trial court's judgment to correctly reflect trial court proceedings, and this authority extends to the modification of a judgment from an adjudication proceeding. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).

The trial court's judgment and the district clerk's bill of costs include a fine of $3,000. However, when the trial court adjudicated Appellant's guilt and pronounced his sentence, it did not orally pronounce any fine. The trial court was required to orally pronounce the fine because when it adjudicated defendant's guilt, it set aside the order deferring adjudication, which included any fine imposed in that order. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004); *Hall v. State*, No. 11-24-00212-CR, 2026 WL 193424, at *2 (Tex. App.—Eastland Jan. 22, 2026, no pet.) (mem. op., not designated for publication). When the oral pronouncement of sentence and the sentence in the written judgment conflict, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500. Since no fine was pronounced, we modify the trial court's judgment and the district clerk's bill of costs to delete the $3,000 fine.

With respect to the time payment fee, "[t]he pendency of an appeal stops the clock" on a defendant's duty to pay this specific fee. *See Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Thus, any assessment of a time payment fee prior

---

[1]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

4

to thirty days after the issuance of an appellate mandate is premature and must be struck without prejudice. *Id.*; *Cadena v. State*, No. 11-22-00225-CR, 2023 WL 8459093, at *9 (Tex. App.—Eastland Dec. 7, 2023, no pet.) (holding the same). Because Appellant appealed the trial court's judgment, the clock on Appellant's duty to pay the time payment fee was stopped and the assessment of a time payment fee for that time was erroneous. *See Dulin*, 620 S.W.3d at 133. We therefore modify the trial court's judgment and the district clerk's bill of costs to delete the time payment fee without prejudice to the fee being assessed at a later date.[2] *See id.*

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court as modified.

W. BRUCE WILLIAMS
JUSTICE

July 30, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]We note, however, that Appellant has waived any complaint about the assessment of the original $500 amount for court-appointed attorney's fees. *See Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015) (holding that the appellant procedurally defaulted any complaint about attorney's fees assessed in connection with the initial order of deferred adjudication because he failed to raise the issue in a direct appeal from that order); *Sandoval v. State*, No. 11-20-00247-CR, 2021 WL 2964449, at *2 (Tex. App.—Eastland July 15, 2021, no pet.) (mem. op., not designated for publication) (holding that the assessment of court-appointed attorney's fees for the adjudication proceeding was improper, but that any error in such an assessment for the original deferred adjudication proceeding was procedurally defaulted). In this regard, the clerk's record reflects that court-appointed attorney's fees were assessed following the trial court's original order of deferred adjudication. Appellant retained counsel for the hearing on the State's motion to adjudicate.